# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 84 LUMBER COMPANY, L.P. | ) |
| | ) Civil Action No. 11-548 |
| Plaintiff/Counter-Defendant | ) |
| | ) Magistrate Judge Lisa Pupo |
| v. | ) Lenihan |
| | ) |
| GREGORY MORTIMER BUILDERS, | ) ECF No. 275 |
| *et al.* | ) |
| Defendants/Counter-Plaintiffs | ) |

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OF WILLIAM WEISSGERBER

**I.  SUMMATION**

Currently pending before the Court is the Motion in Limine to Preclude Testimony of William Weissgerber (the "Weissgerber MIL"), ECF No. 275. For the reasons set forth below, the Court will grant the Motion in part to exclude all testimony except as narrowly defined in the denial. The Court will deny the Motion solely to allow testimony by William Weissgerber ("Weissgerber") as to the market value on the contemplated performance date of units which are the subject of the Defendants' five (5) Subcontract Agreement counterclaims (Counts IV-VIII).

1

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

In lieu of a recitation of the facts, the Court directs the parties to its November 8, 2017 Memorandum Opinion on Plaintiff's Motion in Limine to Preclude Testimony and Evidence of Defendants' Direct and Incidental Damages (the "Memo Opinion on Damages"), ECF No. 301.

## III. ANALYSIS

The Court again directs the parties to the Memo Opinion on Damages and the prior Opinions quoted and cited therein. The Court has unambiguously held, on the basis of the contractual damage limitations of Subcontract Paragraph 15, that alleged damages based on, *e,g,* "carrying costs", or market changes in valuation subsequent to the contemplated performance date are precluded. *See, e.g.*, ECF No. 301 at 7, n. 6 (quoting ECF No. 214 at 20 ("In other words, 84 Lumber would not be a guarantor of the loss beyond the direct cost of meeting the warranted standard, and *other* losses incurred by delay or failure of contract performance remained with Defendants . . . .") (emphasis added)). It has also unambiguously held that Defendant is entitled to "recover the value of the thing promised, [which] is equivalent to a claim [for] the value of repair or replacement under the warrant". *Id.* (quoting ECF No. 214 at 24). The specific alternative, *equivalent*, valuation is "the difference in fair market value *on the contemplated date* between the performance as warranted and delivered." Defendants' Opposition to [the Weissgerber MIL]", ECF No. 281 at 2 (quoting ECF No. 245); *see also* ECF No. 301 at 7-8.

Testimony as to whether the subject units "could have [been] sold", *see, e.g.*, ECF No. 281, is irrelevant as it is a matter of "common sense" that the units *could* have been sold had Defendants so elected, the relevant questions (to the alternative valuation) being solely *the price at which a sale could have been effected and the difference between that price* <u>*on the*</u>

*contemplated performance date* attributable to a difference in the "as warranted" and "as delivered" condition of the units. *Cf.* ECF No. 281 at 2-3.

Plaintiff asserts "the Court's intent not to entertain valuation testimony from any party was rendered manifest when it dismissed Defendants' motions seeking exclusion of 84 Lumber's corresponding experts 'as moot'." Plaintiff's Memorandum in Support of [the Weissgerber Motion]", ECF N0. 276 at 4 (citing ECF No. 250-251). To the contrary, by its February 23, 2017 Order, ECF No. 250, the Court dismissed Defendants' Motion in Limine as to Alan W. Kaplan ("Kaplan") as moot because his testimony was "no longer relevant". Kaplan's Report pertained to analysis of the market conditions from the early 2000's to 2012 and did not include property valuation. *See* ECF No. 187, Ex. 1. By its February 23, 2017 Order, ECF No. 251, the Court also dismissed Defendants' Motion in Limine as to Steven Gottlieb ("Gottlieb") as moot because his testimony was "no longer relevant". Gottlieb's Report, *see* ECF No. 188, Ex. 1, critiqued/countered the Report of Defendants' expert, John McPherson, which Report was also deemed no longer relevant by Order, ECF No. 252; Gottlieb's Report contained no property valuation. The McPherson Report was directed to Defendants' bank loans/financing (which may have been relevant had Defendants prevailed on a tort theory of liability; *i.e.*, one outside their contractual damage limitations) and referenced expressly use-restricted appraisals in that context.

Although Plaintiff requests that should Weissgerber be permitted to testify, its "market analysis experts . . . previously stricken", *i.e.*, Kaplan and Gottlieb, "be permitted to testify' in rebuttal. Plaintiff's Reply Brief in Support, ECF No. 287 at 1. The Weissgerber Report, unlike that of Kaplan or Gottlieb, appears to include an opinion on the "as warranted" valuation of the

counterclaim units. *See* ECF No. 224, Ex. F.[1] The Court finds no material in either the Kaplan or Gottlieb Report similarly potentially relevant to the alternative valuation. Cf. ECF No. 287 at 2 (Plaintiff's statement of "the subject matter about which [Kaplan and Gottlieb] were going to opine [as] market conditions in the . . . region"). However, should Plaintiff elect to file, on or before November 21, 2017, a Supplemental Brief providing precise identification of relevant property valuation in either Report, the Court will consider it.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part Plaintiff's Motion in Limine, ECF No. 275, as set forth in the Summation above. An appropriate Order will follow.

‗

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Counsel of record                Dated: November 14, 2017

---

[1] The Court repeats its observation that as the contemplated performance date was not specified by contract, it will be determined by the parties' Stipulation or by the Court.